Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8003 | **DATE** | 2/14/2003 |
| **CASE TITLE** | Mirza vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | 2-18-03 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | deputy initials |
| | Copy to judge/magistrate judge. | |
| MF | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 34

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BOB J. MIRZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 8003 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| JO ANNE B. BARNHART, Commissioner ) | |
| of the Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Bob J. Mirza, was denied benefits under the Social Security Act by Jo Anne Barnhart, the Commissioner of Social Security. On April 25, 2002, this Court vacated that judgment and remanded the case back to the Social Security Administration for further proceedings. Plaintiff has now filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As we explain below, we deny Mirza's application for attorney's fees.

Under the EAJA, a court shall award to a prevailing party other than the government, attorney's fees and expenses, unless the court finds that the position of the Commissioner was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Mirza is a prevailing party because his case was disposed of pursuant to sentence four of 42 U.S.C. 405(g). See *Shalala v. Schaefer*, 509 U.S. 292, 296-7 (1993). The Commissioner's position is substantially

---

[1] At the time this case was filed, Larry G. Massanari was Acting Commissioner of Social Security.

justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) *cited in Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986 (N.D. Ill. Nov. 1, 2001) (citations omitted). Demonstrating substantial justification requires that the government show "that its position was grounded in 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1089 (7th Cir. 2000) *citing Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) internal citations omitted. Under the EAJA, the government bears the burden of proving that its position was substantially justified. *Cumming v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991).

The facts underlying the plaintiff's complaint are set out in the opinion of this Court, *Mirza v. Barnhart*, No. 00 C 8003, 2002 WL 731781, (N.D. Ill. April 25, 2002), and thus will only be briefly mentioned here. The plaintiff sought relief from the Commissioner's denial of disability insurance benefits ("DIB") in federal district court. This Court held that Administrative Law Judge ("ALJ") Lloyd Kelley III failed to provide an adequate discussion of certain evidence. In particular, ALJ Kelley neglected to discuss findings by a physician from the Diversey Medical Center in Chicago ("Diversey Medical Reports") that Mirza was unable to work. Also, although the ALJ referred to a report from a psychiatrist, John O'Donnell, M.D., the ALJ did not discuss Dr. O'Donnell's diagnosis of a personality disorder for Mirza. Because this Court found the above evidence insufficiently treated by the ALJ, we remanded the case so the ALJ

could reconsider Step Four of the five step analysis required in the regulations to determine whether an individual is disabled. Specifically, we directed the ALJ to fully address the Diversey Medical Reports and Dr. O'Donnell's report.

The plaintiff argues that the ALJ's failure to completely discuss the findings in the Diversey Medical Reports and those by Dr. O'Donnell constitutes legal error sufficient for us to find that the government's position was not substantially justified. The plaintiff further argues in his reply brief that public policy reasons support the award of fees in this case. Mirza cites the Congressional intent behind the EAJA as stated by Justice O'Connor that the awarding of fees allows many parties to pursue appeals in meritorious cases against the government that otherwise would not be continued. *See Sullivan v. Husdson*, 490 U.S. 877, 883 (1989). Further, Mirza argues that if attorneys could not judge the relative likelihood of the availability of EAJA fees, some attorneys would refuse to take such cases.

The Commissioner argues that the government's position was substantially justified because its position was reasonable. In particular, the Commissioner points out that this Court found that the Diversey Medical Report did not constitute a new of line of evidence. *Mirza*, 2002 WL 731781, at *6. Further, the Commissioner contends that because Dr. O'Donnell did not suggest any work-related restrictions because of the personality disorder diagnosis and because other reports did not find a personality disorder, the Commissioner's position was justified. In the alternative, the Commissioner also challenges portions of the fees requested.

Although policy reasons support the award of fees in appropriate cases, this is

3

not such a case. The ALJ simply failed to sufficiently explain the reasons behind certain findings. *Mirza*, 2002 WL 731781, at *7. There was no factual or legal error in the record to find the government's position not substantially justified. *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). The government's position was further justified because sufficient evidence supported its position.

An ALJ must fully explain his or her assessment of the evidence. *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984). This Court found that ALJ Kelley's insufficient explanation of the evidence in Mirza's case required a remand. However, we found no specific error in law or fact in ALJ Kelley's decision. Instead, we merely determined that certain evidence needed further explanation by the ALJ. We noted that the ALJ's decision may be well founded, but we could not be sure without an elaboration on the impact of certain information in the record. For example, instead of merely mentioning Dr. O'Donnell's report, the ALJ should have discussed its findings, particularly since certain evidence elsewhere in the record contradicted Dr. O'Donnell's opinion on Mirza's mental status. This conflicting evidence supported the Commissioner's position, so we cannot say that he was not substantially justified in denying Mirza benefits because of Dr. O'Donnell's report.

In addition, much of the other evidence in this case supported the Commissioner's position. Many of the findings of the Diversey Medical Reports mirrored the findings by other doctors relied upon by the Commissioner. Also, evidence that Mirza left work for reasons other than physical inability and that Mirza used over-the-counter medications to control his back pain supported the Commissioner's

4

position. This evidence, along with evidence contradicting Dr. O'Donnell's diagnosis of a mental disorder sufficiently supports the Commissioner's position to avoid the award of EAJA fees.

We believe that denying fees in this case will not lead to confusion and unpredictability for attorneys when deciding to take Social Security appeals as implied by Mirza. This case involves only a failure by the ALJ to sufficiently explain evidence. Further, evidence on the record supported ALJ Kelley's findings and the Commissioner's position. Under *Stein*, these facts do not warrant an award of fees under the EAJA. *See Stein*, 966 F.2d at 320. Like this case, the social security appeal in *Stein* was remanded because the ALJ failed to meet the articulation requirement, but evidence did support the ALJ's findings. *Id.* However, no fees were awarded under the EAJA because the government had evidence providing substantial justification for its position. *Id.*

Therefore, the plaintiff's petition for an award of attorney's fees and costs pursuant to the Equal Justice Act is denied. It is so ordered.

ENTER:

_____
MICHAEL T. MASON
United States Magistrate Judge

Dated: February 14, 2003

5