# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8003 | **DATE** | 5/8/2003 |
| **CASE TITLE** | Bob Mirza vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to alter [36-1] or to amend judgment [36-2] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY - 9 2003 | |
| | Notified counsel by telephone. | | date docketed | 42 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/8/2003 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | | KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAY - 9 2003

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB J. MIRZA,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner<br>of the Social Security Administration,[1]<br><br>    Defendant. | No. 00 C 8003<br><br>Mag. Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Bob J. Mirza, was denied benefits under the Social Security Act by Jo Anne Barnhart, the Commissioner of Social Security. On April 25, 2002, this Court vacated that judgment and remanded the case back to the Social Security Administration ("SSA") for further proceedings. Plaintiff subsequently filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court shall award to a prevailing party, other than the government, attorneys' fees and expenses unless the court finds that the position of the Commissioner was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). Plaintiff is a prevailing party because his case was disposed of pursuant to the fourth sentence of 42 U.S.C. 405(g). See Shalala v. Schaefer, 509 U.S. 292, 296-7 (1993).

---

[1] At the time this case was filed, Larry G. Massanari was Acting Commissioner of the Social Security Administration.

1

Plaintiff's motion for attorneys' fees was denied by this Court in a Minute Order dated February 14, 2003 and entered on February 18, 2003. On March 7, 2003, Plaintiff filed a "Motion To Alter Or Amend Judgment" pursuant to Rule 59(e). In response to that motion, Defendant argued that Plaintiff's motion should be denied as untimely. Defendant further argued that, in the event this Court should decide to treat Plaintiff's Rule 59(e) motion as a motion for reconsideration pursuant to Rule 60(b), the motion should still be denied. For the following reasons, this Court denies Plaintiff's motion.

## **RULE 59(e)**

Under Rule 59(e), a motion to alter or amend the judgment must be filed "within ten days of the entry of judgment." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The 10-day period begins on the date following the entry of judgment. Fed. R. Civ. P. 6(a). Weekend days and holidays are not counted in the 10-day period. *See* Fed. R. Civ. P. 6(a) ("[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation"). Notably, "[a] district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e)." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Plaintiff initially asserted that the judgment was entered on February 18, 2003; but, in his reply brief, asserted that the judgment was entered on February 20, 2003. Defendant, in her response, asserted that the judgment was entered on February 19, 2003. We find the dispute to be of no bearing here because, under either date,

Plaintiff's motion to alter or amend the judgment is untimely under Rule 59(e). Specifically, even if the judgment were entered on February 20, 2003 -- the latest date contended by either party -- the 10-day period (excluding weekend days and holidays) would have expired on March 6, 2003 – one day prior to the date on which Plaintiff filed his motion.

In an effort to save his Rule 59(e) motion, Plaintiff relies on Rule 6(e), which allows a party three additional days to file a pleading "whenever the party has the right or is required to do some act or take some proceedings within a prescribed time period after the service of a notice or other paper upon the party and the notice is served upon the party under Rule 5(b)(2)(B),(C), or (D)." Fed. R. Civ. P. 6(e). Our research did not uncover, and the parties did not cite, any case law decided by the Seventh Circuit addressing whether Rule 6(e) applies to Rule 59(e) motions. However, as Defendant pointed out in her response, many other Circuits have addressed this issue, and have found the answer to be in the negative. *See, e.g., FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 682 (6th Cir. 1999) (stating that "every court that has considered this precise issue ... has rejected the Plaintiff's argument" and citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 467-68 (5th Cir. 1998); *Parker v. Board of Public Utilities of Kansas City, Kan.*, 77 F.3d 1289, 1290-91 (10th Cir.1996); *Derrington-Bey v. District of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994); *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870-71 (3d Cir. 1994); *Flint v. Howard*, 464 F.2d 1084, 1087 (1st Cir. 1972); JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.05[3] at 6-35 (3d ed. 1998)); *see also*

*Arnold v. Wood*, 238 F.3d 992, 995 n.2 (8th Cir. 2001), *cert. denied*, 534 U.S. 975 (2001) (reaching same decision). The reason given in support of these decisions is that the 10-day time period for filing a Rule 59(e) motion is triggered by the date of the "entry of the judgment" rather than the date of the "service of the notice or other paper." *See* Fed. R. Civ. P. 59(e) ("[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after *entry of the judgment*") (emphasis added). As the D.C. Circuit explained in *Derrington-Bey*:

> Mere quotation of Rule 6(e) shows why it is inapplicable to Rule 59(e) motions. The period for filing a Rule 59(e) motion does not–in the words of Rule 6(e)–begin with "service of a notice." True, the clerk of the district court must "immediately" serve by mail a notice of the entry of a judgment . . . But the critical point for measuring the timeliness of a Rule 59(e) motion is not the date of service, nor is it the date of the court's order. The 10 days allowed by Rule 59(e) begin with the clerk's ministerial act of entering the court's judgment in a "book"–today, often in the form of an automated system–"known as the 'civil docket'".

39 F.3d at 1225. We agree with the reasoning of these courts and find that Rule 6(e) does not apply to Rule 59(e) motions. As such, Plaintiff cannot rely on Rule 6(e) to make his Rule 59(e) motion timely.[2]

## **RULE 60(b)**

Perhaps recognizing the futility of his Rule 59(e) argument, Plaintiff argues, in his Reply Brief, that his motion to alter or amend the judgment should be treated by the

---

[2] Both Plaintiff and Defendant cited, in footnotes, the district court decisions of *Moberg v. City of West Chicago*, No. 00C2504, 2002 WL 31834872, at *4 (N.D. Ill. 2002) and *Bell v. Marseilles Elementary Sch.*, 160 F. Supp. 2d 883, 885 n.2 (N.D. Ill. 2001), which seem to suggest that Rule 6(e) would apply to Rule 59(e) motions. As both parties point out, these decisions are not binding. We agree with Defendant that these decisions do not properly apply Rule 6(e) and decline to follow them to the extent they hold that Rule 6(e) may be applied to Rule 59(e) motions.

Court as a motion to reconsider pursuant to Rule 60(b). A motion to alter or amend a judgment will be evaluated under Rule 60(b) when it is filed more than 10 days after the judgment. *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Because Plaintiff's motion to alter or amend the judgment was filed more than 10 days after the judgment, we will treat it as a Rule 60(b) motion to reconsider.

Rule 60(b) authorizes a court to grant relief from final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). It is settled law that Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see also Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (stating that a Rule 60(b) motion "is not an alternate route for correcting simple legal errors"); *Zakutansky v. Bionetics Corp.*, No. 92 C 2002, 1992 WL 390898, at *1 (N.D. Ill. 1992) (stating that motions to reconsider are appropriate in rare situations, such as where a court has patently misunderstood a party, made a decision outside the adversarial issues presented, made an error not of reasoning but of apprehension, or where there

has been a controlling change in the law or facts since the submission of the issue to the court); *Russell*, 51 F.3d at 749 ("[t]he rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law"). In addition, Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)--they cannot be general pleas for relief." *Deutsch*, 981 F.2d at 301. In this regard, district court judges should not be burdened with "agonizing" over whether a motion for reconsideration asserts grounds for relief included in Rule 60(b), because it is the movant's task to make its Rule 60(b) contentions clear. *Deutsch*, 981 F.2d at 302.

With these standards in mind, we turn to the motion for reconsideration before us now. Defendant argues that Plaintiff's motion for reconsideration should be denied because Plaintiff has not made any arguments nor cited to any authorities in support of a finding that he is entitled to relief from the Court's judgment under the more stringent requirements of Rule 60(b). We agree with Defendant. Plaintiff failed to state any Rule 60(b) contentions with specificity or in a clear and straightforward manner, as required by law, and instead seemed to argue only that the circumstances of the case justified relief generally. While the Court is under no duty to manufacture a Rule 60(b) argument for Plaintiff, we will examine the briefs to see if any 60(b) contentions were made. We note, first, that Plaintiff did not sufficiently argue in his brief that there was any "mistake, inadvertence, surprise, or excusable neglect" by the Court in denying Plaintiff's motion for attorneys' fees. Fed. R. Civ. P. 60(b)(1). Nor did Plaintiff argue that there was any "newly discovered evidence" that might have shown that the judgment was erroneous. Fed. R. Civ. P. 60(b)(2). Likewise, Plaintiff did not argue that

the judgment may have been obtained by fraud, misrepresentation, or other misconduct of the adverse party, or that the judgment was void. Fed. R. Civ. P. 60(b)(3), (4). And, finally, Plaintiff did not argue that the judgment had been satisfied, released, or discharged, or that a prior judgment upon which the decision was based was reversed or vacated, or was no longer equitable. Fed. R. Civ. P. 60(b)(5). Accordingly, Plaintiff does not appear to claim the right to reconsideration under Rule 60(b)(1),(2),(3),(4), or (5).

Thus, the only subsection remaining as a means for Plaintiff to obtain relief under Rule 60(b) (and, we note, the only subsection actually cited by Plaintiff in support of his claim for relief) is Rule 60(b)(6)'s "catchall" provision. The "catchall" provision allows the Court to reconsider the judgment "for any reason justifying relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) relief is appropriate only if "the grounds asserted for relief do not fit under any other subsections of Rule 60(b)." *Margoles v. Johns*, 798 F.2d 1069, 1073 n.6 (7th Cir. 1986). Moreover, relief under the "catchall" provision is warranted only upon a showing of "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* at 1073.

Plaintiff argues that he is entitled to relief from the Court's judgment denying his application for attorneys' fees due to the Court's alleged error in finding the Commissioner to be substantially justified. In asserting such argument, Plaintiff contends that the Court failed to consider SSR 96-6p or the decision of *Scott v. Barnhart*, No. 99 C 4651, 2003 WL1524624 (N.D. Ill. Mar. 21, 2003) (slip copy). With respect to his first argument – that the Court failed to consider SSR 96-6p – Plaintiff

points out that SSR 96-6p states that an ALJ "must" explain the weight given to opinions of state agency physicians, yet the Court stated, in its opinion denying attorneys' fees, that the ALJ "should have" discussed the state agency physician's opinion. Plaintiff's second argument – that the Court failed to follow *Scott v. Barnhart, supra* – is based on Plaintiff's assertion that, as in *Scott*, there was an unbridgeable gap in the instant case between the record and the ALJ's conclusions due to the ALJ's failure to fully discuss the weight of the state agency physician's report and the Diversey Medical Reports, and this gap required a finding that the Commissioner was not substantially justified.

We find that Plaintiff's arguments fail to meet the standard for reconsideration required by Rule 60(b)(6). More specifically, Plaintiff does not, in our view, present the "extraordinary circumstances" necessary to warrant relief from the Court's judgment denying his application for attorneys' fees. Rather, Plaintiff's arguments amount to a generalized statement that the Court "got it wrong" when it found the Commissioner's position to be substantially justified. Such argument fails to persuade the Court here -- particularly as Rule 60(b) relief was not meant to be used as "an alternate route for correcting simple legal errors." *Cash*, 209 F.3d at 698. *See, Fidelity Mutual Life Ins. Co. v. Chicago Title and Trust Co.*, No. 92 C 8475, 1994 WL 571903, at *2 (N.D. Ill. 1994) (stating that defendants' argument that the court "got it wrong" and should therefore reconsider its decision misapprehends the proper purpose of a motion for reconsideration); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (affirming denial of motion for reconsideration where plaintiff's motion

merely suggested the district court made mistakes of law rather than conforming to any grounds specified in Rule 60(b)); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997) (affirming denial of relief under Rule 60(b)(6)). As Plaintiff has failed to demonstrate extraordinary circumstances that create a substantial danger of an unjust result, his motion for reconsideration is denied.[3]

## Conclusion

For all of the reasons set forth above, Plaintiff's motion to alter or amend the judgment, or for reconsideration, as to his request for attorneys' fees and costs pursuant to the EAJA is denied. It is so ordered.

**ENTER:**

MICHAEL T. MASON
**United States Magistrate Judge**

**Dated: May _, 2003**

---

[3] We note, in any event, that even if we were to conduct an analysis as to the merits of Plaintiff's arguments, we would still find the Commissioner to be substantially justified. First, we find that the ALJ's failure to have discussed the state agency physician's report more fully does not lead to a finding that the Commissioner was not substantially justified on the facts here -- even in light of SSR 96-6p. Second, we do not believe that there was an unbridgeable gap between the record and the ALJ's conclusions in this case, as there was in *Scott*. Although we remanded so that certain evidence (e.g., the Diversey Medical Reports and Dr. O'Donnell's diagnosis) could be further addressed and explained, we never found an unbridgeable gap between the record and the ALJ's conclusions.